UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JILL M. TILDMORE-MATTHEWS | CIVIL ACTION |
| VERSUS | NO: 06-8627 |
| STATE FARM FIRE AND CASUALTY CO., ET AL. | SECTION: "J" (3) |

**ORDER**

Before the Court is plaintiffs' Motion to Remand. (Doc. 6.) The motion is opposed. For the following reasons the Court finds the motion should be GRANTED.

Federal question jurisdiction does not exist. Plaintiff has been paid the limits of her flood insurance policy. (Babin aff. ¶ 6.) Plaintiff's only claims related to flood insurance concern policy procurement and not policy administration under the NFIA. For the reasons stated in *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp. 2d 531 (E.D. La. 2006) this case is not preempted by the NFIA. Consequently, it will not support Commerce Clause or federal officer removal. *See Rizzuto v. Bianchini*, 2006 WL 3332832 (E.D. La. 2006); *Seruntine v. State Farm Fire & Cas. Co.*, 444 F.Supp. 2d 698 (E.D. La. 2006); *Pendergast v. State Farm Fire & Cas. Co.*, 2006 WL 3469635 (E.D. La. 2006).

Plaintiff stated in the petition that her damages are less than $75,000. (Petition ¶ XXVII.) Defendant testifies that it has paid $12,622.05 on the $76,995 homeowners insurance policy. (Babin aff. ¶ 7.) Considering the $53,600 already paid under the flood policy, it is likely that the amount in controversy does not exceed $75,000. Therefore jurisdiction cannot be based on diversity. *See* 28 U.S.C. § 1332(a).

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 6) is **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 18th day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE